William J. Sullivan, J.
This is a proceeding brought by the trustees of the Hicksville Public Library pursuant to CPLR article 78, for a judgment directing the respondent Board of Education to call a special meeting of the qualified voters of Union Free School District No. 17 for the purpose of voting upon a library appropriation for the fiscal year 1972-73 at school district expense.
The Board of Trustees of Hicksville Free Public Library of Union Free School District No. 17, hereinafter called petitioner, is the governing body of the library, which was established by the school district pursuant to section 1118, the predecessor of section 255 of the Education Law, and chartered by the Board of Regents pursuant to section 59, the predecessor of section 216 thereof.
Petitioner has no authority to levy taxes and is dependent upon the taxing authority of the respondent Board of Education for the funds to conduct its operations.
At the annual meeting and election of the school district, held in June, 1972, the proposed library appropriation for the ensuing fiscal year, which pursuant to subdivision 1 of section 259 of the Education Law was presented to the electorate as a resolution, separate from that relating to the proposed school budget, was defeated by a vote of 3,069 to 3,034. The separate school budget was approved.
Subsequently, pursuant to a resolution adopted by the library board on June 21, 1972, a request was made to respondent for the resubmission of the appropriation, with modification, to the district electorate. Initially, respondent at its meeting on June 27, 1972, approved this request by a 4 to 3 vote but later at the same meeting voted 5 to 2 to reconsider the question. At a subsequent meeting on July 10, 1972, a motion for resubmission of the library budget with the cost to be borne by the library failed to be approved by the respondent board, and later on August 11, 1972 another motion for resubmission failed to receive a second and, therefore, did not pass.
It is petitioner’s contention that respondent’s failure to grant its request to call a special meeting of the district voters for resubmission of the library budget was illegal, arbitrary and capricious, claiming that respondent was required by subdivision 9 of section 260 of the Education Law to comply with said request.
*749 Respondent, on the other hand, argues that the request for a special meeting is not a mandate since the submission of a library budget at a special meeting is a purpose specifically provided for by subdivision 7 of section 260 and thus falls within the exceptions specified in subdivision 9 of section 260.
The purpose of the 1970 amendment of section 260 of the Education Law was “ (to) clarify and extend the statutory powers of boards of trustees of school district public libraries ” (Memorandum of State Department of Education, N. T. Legis. Annual, 1970, p. 177). (L. 1970, ch. 860.) In view of this stated intent, it is understandable that petitioner would seek to exercise greater control over submission of its budget to the electorate than was formerly permitted. However, it is the opinion of this court that the language of subdivisions 7 and 9 of section 260 warrants an interpretation of the statute consistent with that advanced by respondent. Specifically. excepted from the “ proper library purpose [s] ” governed by the provisions of subdivision 9 are “ those purposes set forth in subdivision seven ’ ’. One of the purposes for a special district meeting set forth in subdivision 7 is that “ of submitting a resolution in accordance with the provisions of subdivision one of section two hundred fifty-nine ”, i.e. an annual library appropriation resolution.
The court recognizes the importance of the resubmission question and has carefully scrutinized the applicable provisions of the statute, keeping in mind the general legislative intent behind the 1970 amendment. However, based upon the present statutory language, the court feels compelled to hold that petitioner’s request to respondent did not have the effect of a mandate but was properly subject to the exercise of discretion by the Board of Education since the proposed resuhmission would impose additional expense upon the taxpayers of the school district. If it be intended that library boards be empowered to require the resubmission of defeated budgets to their electorates, the Legislature can expressly so provide by appropriate amendment of subdivisions 7 and 9 of section 260.
While section 310 of the Education Law provides for the review of official acts of school authorities by the Commissioner of Education, it has been held that the Supreme Court has concurrent jurisdiction with the Commissioner to hear and determine an application of this nature (Matter of Galloway v. Saletan, 20 A D 2d 796).
It is the decision of this court that, as in Matter of Galloway (supra), the question of the resubmission of the budget was for *750 the determination of the Board of Education and that under the circumstances here, the court may not substitute its judgment for that of the school board.
The application by the Nassau County Library Association for leave to file a brief amicus curiae was granted from the bench upon the hearing of petitioner’s application and its brief has been considered by the court in arriving at the foregoing determination.
The petition is dismissed.